# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

Case No.     06-cr-20216-4

v.

HONORABLE DENISE PAGE HOOD

**RUDOLPH ANTONIO McCLELLAN,**

        Defendant.

_____/

## ORDER RE MOTION TO SUPPRESS ELECTRONIC SURVEILLANCE

**I.    INTRODUCTION**

This matter is before the Court on Defendant Rudolph Antonio McClellan's Motion to Suppress Electronic Surveillance, including all recordings, transcripts, logs, pen registers and other evidence obtained by electronic surveillance of Target Telephone Four, Tracking No. 99US00044-AU. Defendant McClellan is charged with one count, in a four count indictment, of conspiracy to possess controlled substances with intent to distribute, 21 U.S.C. §§ 841(a)(1).

**II.    STATEMENT OF FACTS**

An FBI investigation suspected Alvin Kent Broadnax as the head of an organization distributing powder and crack cocaine in the Detroit area. In connection with this investigation, electronic surveillance was conducted on four target telephone lines. Target Telephone Four, the subject of the instant Motion to Suppress, was the mobile telephone of Mafadenie Harris, the half-brother of Defendant McClellan.

**III.    STANDARD OF REVIEW**

1

Generally, "[i]n reviewing the validity of an electronic surveillance order, we will accord great deference to the determination of the issuing judge." *United States v. Corrado*, 227 F.3d 528, 539 (6th Cir. 2000). 18 U.S.C. § 2518(1)(c) requires each application for a wiretap "to contain a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed or to be too dangerous." This is referred to as the "necessity requirement." *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002), *cert. denied*, 537 U.S. 1138, 123 S.Ct. 930, 154 L.Ed.2d 832 (2003). The "'necessity requirement' protects against the impermissible use of a wiretap as the 'initial step in [a] criminal investigation'" *United States v. Rice*, 478 F.3d 704 (6th Cir. 2007) (quoting *United States v. Giordano*, 416 U.S. 505, 515 (1974). However, "the government is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *Id.* (quoting *United States v. Alfano*, 838 F.2d 158, 163 (th Cir. 1988), *cert. denied*, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 42 (1988)). What is required "is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will be inadequate." *Id.* at 163-63 (internal quotation marks omitted). "A purely conclusory affidavit unrelated to the instant case and not showing any factual relations to the circumstances at hand would be . . . inadequate compliance with the statute," however, the mere fact that an affidavit rests in part on statements that would be equally applicable to almost any similar case does not render the affidavit insufficient. *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977), *cert. denied*, 434 U.S. 855, 98 S.Ct. 174, 54 L.Ed.2d 126 (1977) (quoting *United States v. Matya*, 541 F.2d 741, 745 (1976), cert. denied, 429 1091, 97 S.Ct. 1101, 51 L.Ed.2d 536).

A warrant application that does not meet the necessity requirement violates Title III and the fruits of any evidence obtained through that warrant must be suppressed.

## IV. APPLICABLE LAW & ANALYSIS

Defendant McClellan argues that oral communications intercepted on Target Telephone Four should be suppressed because the affidavit of Special Agent Richard Wozniak submitted in support of the wiretap fails to adequately demonstrate consideration of other investigatory techniques that might have obviated the need for a wiretap. Defendant McCelellan asserts that the Affidavit does not adequately discuss why the introduction of an undercover officer could not have been facilitated, given the following situation:

> In the affidavit Agent Wozniak discusses the activities of Source One who made several controlled purchases of cocaine directly from conspirator Broadnax. The affidavit states that Source One had told Broadnax that he was obtaining cocaine as an agent for someone else. In such a circumstance Source One could probably have introduced his principal (an undercover agent) to Broadnax and then faded away.

(Mot. to Dismiss Electronic Surveillance at 4). If an undercover agent had been introduced and a controlled drug purchase executed, Defendant McClellan contends Broadnax could have been arrested and interviewed with great likelihood of success. (Reply Br. at 2). Defendant McClellan argues that the affidavits similarly do not contain specific information about the dangerousness of Broadnax or the other targets of the investigation. (*Id.*)

The Government responds that the affidavit details investigative procedures that were tried and failed or reasonably appeared unlikely to succeed if tried or were considered to be too dangerous. The Government asserts that the plain face of the affidavit demonstrates that "serious consideration" was given to non-wiretap techniques and the reasons that those techniques were inadequate were fully set forth. (Resp. and Br. in Opp. at 5).

3

Given that this was the fourth wiretap being utilized in this investigation, Defendant McClellan maintains that there was no genuine need for this particular wiretap and the necessity requirement has not been met. (Mot. to Suppress at 5). Defendant McClellan argues that each succeeding wiretap becomes more difficult to justify and it is necessary to demonstrate why the previous wiretaps, in conjunction with traditional investigative techniques, are insufficient. *See United States v. Castillo-Garcia*, 920 F. Supp. 1537 (D.Colo. 1996). Defendant McClellan asserts that the central reason provided by the Government to justify Target Telephone Four was to learn the identity of Mafadenie Harris, who was heard on an earlier wiretap. At the April 9, 2007 hearing, the Government provided the Court and counsel with additional pages from the relevant affidavit. The Government argued that paragraphs 52 - 54 demonstrate the necessity of Target Telephone Four. The affidavit states, "[t]he goal of this investigation is to identify the full scope of the drug distribution enterprise . . . insufficient evidence has been developed to date in order to ensure the successful and complete prosecutions of all individuals involved in this illegal activity. . . Specifically, there is a need to fully identify couriers, suppliers and other individuals in the network."

The portion of the affidavit relating to undercover agents states,

57. Another investigative technique that is often highly useful in drug investigations is the use of an undercover agent. This is also not a viable option at this time. Frequently, undercover agents are introduced by covert sources of information. The covert sources of information who have provided evidence in this case have advised the introduction of an undercover agent cannot be facilitated. Your affiant agrees that any introduction of an undercover agent by any of the confidential sources of information would not succeed in obtaining direct evidence inasmuch as the subjects would be highly suspect of the introduction of a new individual into the scenario. Moreover, such an attempt would likely endanger the covert sources of information, or at least cut off the information they are currently receiving from the subjects. Your affiant has also concluded that any 'cold' introduction of an undercover agent to this organization would be too dangerous to employ. Based upon the identity and

4

> nature of the subjects under investigation, your affiant believes these individuals would become highly suspect of the undercover agent and might undertake means to harm the undercover agent. Consequently, your affiant has concluded that no undercover agent could infiltrate the inner workings of the organization and this technique should not be utilized in this case.

The Court recognizes that this portion of the affidavit specifically being challenged is somewhat general and could potentially be utilized in another wiretap in a similar investigation. Defendant McClellan has presented a strong argument as to why this paragraph standing alone is general. However, merely because an affidavit rests in part on statements that would be equally applicable to almost any similar case does not render the affidavit insufficient. *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977), *cert. denied*, 434 U.S. 855, 98 S.Ct. 174, 54 L.Ed.2d 126 (1977) (quoting *United States v. Matya*, 541 F.2d 741, 745 (1976), cert. denied, 429 1091, 97 S.Ct. 1101, 51 L.Ed.2d 536).

Taking into account the entire affidavit, the Court is persuaded that the subject wiretap was not being utilized as the initial step in the criminal investigation. The portions of the affidavit relating to "Interviews and Grand Jury" and "Physical Surveillance" are very specific and aid in an understanding of the reasons behind the affiant's conclusion that the introduction of an undercover agent was not feasible. Viewing the affidavit as a whole, the affiant provides a detailed account of the specific procedures attempted or utilized. As such, Defendant McClellan's Motion to Suppress Electronic Surveillance is DENIED.

Accordingly,

IT IS HEREBY ORDERED that Defendant Rudolph Antonio McClellan's Motion to Suppress Electronic Surveillance **[Docket No. 49, filed March 16, 2007]** is DENIED.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: June 20, 2007

      I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager